People v Johnson (2026 NY Slip Op 00029)

People v Johnson

2026 NY Slip Op 00029

Decided on January 06, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 06, 2026

Before: Webber, J.P. SEQ CHAPTER \h \r 1, Friedman, Mendez, Shulman, Hagler, JJ. 

Ind. No. 71764/23|Appeal No. 5498|Case No. 2024-03854|

[*1]The People of the State of New York, Respondent,
vYvonne Johnson, Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (David J. Klem of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Nathan Morgante of counsel), for respondent.

Judgment, Supreme Court, New York County (Marisol Martinez Alonso, J.), rendered May 31, 2024, convicting defendant, upon her plea of guilty, of aggravated driving while intoxicated as a felony, and sentencing her to five years of probation and imposing a $1,ooo fine, unanimously modified, on the law, to the extent of striking the condition of probation prohibiting defendant from wearing or displaying gang paraphernalia or having any association with a gang or members of a gang if directed by the Department of Probation, and otherwise affirmed.
Defendant validly waived her right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]), which forecloses review of her excessive sentence claim (see People v Nunez, 220 AD3d 597, 597 [1st Dept 2023], lv denied 41 NY3d 1004 [2024]). In any event, we perceive no basis for reducing the sentence. Defendant's appeal waiver does not foreclose her challenges to the legality of the conditions of her probation under Penal Law § 65.10(1) and do not require preservation (see People v Berkley, 241 AD3d 1167, 1167 [1st Dept 2025]). Regarding the condition of probation requiring her to "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and . . . not consort with disreputable people," the court providently deemed this condition reasonably related to defendant's rehabilitation, given that defendant on multiple occasions drove while highly intoxicated and under the influence of alcohol, and was recommended to be placed in a residential treatment program by the Department of Probation (Penal Law § 65.10[1], [2]; see People v Berkley, 241 AD3d at 1168; People v Lombard, 241 AD3d 1126, 1126 [1st Dept 2025]).
However, the probation condition requiring defendant to "[r]efrain from wearing or displaying gang paraphernalia and having any association with a gang or members of a gang if directed by the Department of Probation" must be stricken because there is no evidence that defendant's actions were connected to gang activity or that she had a history of gang membership, rendering this condition neither reasonably related to her rehabilitation nor necessary to ensure that she leads a law-abiding life (see People v Vasquetelles, 241 AD3d 1208, 1209 [1st Dept 2025]; Penal Law § 65.10[1]).
Defendant's valid waiver of her right to appeal forecloses review of her constitutional challenges to the probation conditions under the First Amendment and the vagueness doctrine of due process under the Fifth and Fourteenth Amendments (see People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025]). In any event, the claims are unpreserved (see People v Cabrera, 41 NY3d 35, 42-51 [2023]), and we decline to review them in the interest of justice.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2026